UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERITY, INC, et al., | No. C 05-1660 CRB (JL) |
| Plaintiffs, | |
| v. | **DISCOVERY ORDER**<br>**(Denying Docket # 77, granting in part** |
| INXIGHT SOFTWARE, INC, | **Docket # 78, granting Docket # 79)** |
| Defendants. | |

## INTRODUCTION

The court received the parties' letter briefs regarding their most recent discovery disputes. There are two consolidated cases, C-04-5387 CRB, the "Keyview case," and C-05-1660 CRB, the "LXP case." All discovery has been referred by the district court (Hon. Charles R. Breyer) as provided by 28 U.S.C. §636(b) and Civil Local Rule 72. Fact discovery closed July 29, 2005. The parties extended the deadline for depositions to August 31, 2005. Inxight's motions for summary judgment are on for hearing before Judge Breyer on October 7. Jury trial is set for October 11.

## DOCUMENTS IDENTIFIED BY VERITY WITNESSES

In a joint letter brief (Docket # 77), Inxight requests further documents from Verity following revelations by Verity witnesses. The parties met and conferred and prepared a joint letter brief. Michael D. Mooney is Senior Vice-President of Verity for Field Sales Operations,

the Americas, and Worldwide Business Development. Mr. Mooney identified two financial databases used by Verity, the SalesForce.com sales automation tool and a separate financial system that is capable of generating bookings reports. (Transcript 70:15-71:1; 75:5-78:12; and 87:6-22). Mr. Mooney also identified Verity transactions with PeopleSoft (Transcript 81:11-23; 104:2-106:24).

Verity witnesses Chad Raynal and Emily Sparrer revealed at their own depositions that the bookings report database is likely an Oracle database and that Verity also uses a third database, an Avenue database, to maintain its sales and financial information. Inxight seeks this information to arrive at a more accurate picture of Verity's total revenue and sales figures. Inxight calculates that the figures in Verity's document production in this case do not jibe with the figures reported in its filings as a publicly traded company.

Inxight asks the court to order Verity to produce documents from these databases responsive to its Document Requests Nos. 55 and 56.

Request 55 seeks "documents and things sufficient to show the sales of Verity's products, including but not limited to Extractor, Classifier . . . that use and/or incorporate Inxight's foreign language capabilities."

Request 56 seeks "documents and things sufficient to show the sale of Verity's products that do not use and/or incorporate Inxight's foreign language capabilities."

Inxight asks the court to order Verity to produce this information in searchable form, or in the alternative, to prohibit Verity from introducing at trial any evidence not already produced to Inxight or from challenging Inxight's use of the sales information already given to it.

Verity opposes this request on three grounds:

1. that Inxight filed its letter brief after the deadline for filing motions to compel, which was August 9,

2. that Verity has already produced hundreds of pages of business records, databases and spreadsheets, all of which are sufficient to provide the information sought by Requests 55 and 56, and which were relied on by both parties' experts. Inxight's expert calculated its damages at $40 million based on the records Verity produced.

3. Finally, Verity contends that Inxight fails to articulate a valid reason that Verity's document production is insufficient. Verity says Inxight should not receive documents related to Verity's public filings because Inxight did not specifically request them. With regard to PeopleSoft, Verity says that it produced these documents but identified them as "Oracle."

This court finds that the parties stipulated to extend the discovery cut-off for depositions to August 31. The deadline to file a motion to compel related to the depositions would therefore be September 7, according to Civil Local Rule 26-2.

Inxight filed its letter brief September 1, so it would be timely if it were related to the deposition. There's the rub. Inxight contends that the existence of potentially responsive documents was revealed during the depositions of Verity's witnesses, therefore it moves to compel production of the documents.

The question the court must decide is if Inxight is moving to compel deposition discovery subject to a deadline of September 7, or fact discovery subject to a deadline of August 9? The court finds that Inxight is moving to compel fact discovery, subject to the August 9 deadline, even though the documents' existence was revealed at the depositions. While the court finds it beneficial that the parties cooperated by extending the deposition cut-off, there has to be an end to discovery at some point and this case goes to trial October 11.

Inxight's request for an order compelling production of these documents is denied. However, this court recommends to the district court (Hon. Charles R. Breyer) that he look favorably on any motion in limine to exclude financial documents or other records referred to by Verity's witnesses but not produced by Verity.

**The Extractor and Classifier Summary Document**

Mr. Mooney also revealed at his deposition that a special revenue report was generated reflecting sales of Verity's Classifier and Extractor products specifically for him to review before making his declaration in support of Verity's *Ex Parte* application to continue the hearing date on Inxight's motion for preliminary injunction. (Transcript 144:18-145:18). This report was not produced to Inxight. Classifier and Extractor are two of the products in which

Verity has allegedly improperly embedded Inxight's LXP technology. Reports of revenue from these products would be responsive to Inxight's Requests for Production 55 and 56 and Inxight asks the court to order Verity to produce them.

Verity responds that it has produced voluminous documents *sufficient to show* the sales of Verity's products. Verity contends this is enough to respond to Inxight's document requests, which do not request *every single* document concerning Verity's sales revenue but only documents *sufficient* to show it. Verity also searched for the document Mr. Mooney described and says that to the extent it ever existed, other than in a temporary format viewable on a computer monitor, it is no longer in Verity's possession, custody or control.

Again, Inxight is moving to compel production of fact discovery, after the deadline for such a motion, even though the possible existence of the documents emerged during a deposition for which the deadline had been extended.

Verity contends that it has adequately answered Inxight's interrogatory and that an interrogatory asking for "sufficient" evidence does not demand "all" evidence. Point well taken. Verity says that anyway it doesn't have any such documents, if they ever existed.

This part of Inxight's motion, for all these reasons, is denied.

### "Discover"

Inxight asks the court to order Verity to produce all documents relating to a bundle of software components known as "Discover." Mr. Mooney testified that the use of the words "K2Search" in a PowerPoint slide referred to "a variety of components packaged together as a – as a bundle." (Transcript 181:24-182:10) Prior to Mooney's deposition, Verity disclaimed any knowledge of any product or bundling of software components called K2 Search. Inxight contends that the meaning of K2 Search is at the heart of its case for breach of contract and misappropriation of trade secrets. This would be responsive to Inxight's Request for Production Nos. 18 and 32.

Verity produced three documents to Inxight, during the drafting of the joint letter on this issue. These only convinced Inxight that it needed more. The documents reveal that Discover was a concept at Verity for at least a year, between March 2002 and April 2003. Inxight also

learned from other sources that Verity's 2002 Annual Report refers to Discover and a July 30, 2001 Verity Press Release stated "Discover means search." Consequently, Inxight believes that Discover-related documents are relevant to the meaning of K2 Search.

Verity disparages the significance of this line of inquiry. It contends that it has already informed Inxight that there was never a Verity product called "Discover" and that it could not have been the subject of any of the parties' license agreements. "Discover" was merely part of a marketing concept Verity once considered in connection with a bundle of products. Verity even provided Bates numbers for documents which are consistent with Verity's representation.

Verity contends that documents about a marketing concept are not responsive to request 18, which calls for "source code, product documentation . . . . release notes and user guides" for each version of the product to which Verity had a license to use Inxight's software under the parties' 2003 License Agreement. Nor would they be responsive to Request Number 32, which calls for "[a]ll documents referring to or relating to the access or use of Inxight's technology in, or to support, Verity's products." Verity denies that documents concerning its marketing concept are responsive to either of these requests.

Again, this is fact discovery demanded after the deadline for motions to compel production of fact discovery, and it doesn't sound as if Verity has what Inxight wants anyway. This part of Inxight's motion is also denied.

Accordingly all components of Inxight's requests in the joint letter brief at Docket # 77 are denied.

**FURTHER INTERROGATORY ANSWERS**

In a separate letter brief at Docket # 78, Verity asks the court to order Inxight to comply with this court's orders of August 16, 2005, filed as docket # 46 in the KeyView case (C-04-5387) and Docket # 50 in the LXP case (C-05-1660). The parties met and conferred in person but were unable to prepare a joint letter brief. Verity represents that the court ordered Inxight to provide supplemental answers to Interrogatories 12 and 13 in the Keyview case, and

1 4, 5, 7, 8, 9, 17 and 19 in the LXP case. Inxight's supplemental responses to the Keyview

2 interrogatories are at Ex. A to Verity's statement and its supplemental responses in the LXP

3 case are at Ex. B. Presumably this motion to compel is exempt from the fact discovery cut-off

4 since it purports to enforce the court's previous order on a timely motion (actually two

5 motions).

6       In fact, in its August 16 order, this court denied Verity's motion to compel interrogatory

7 answers and merely confirmed that Inxight had offered to respond and specified when it

8 should voluntarily do so:

9     "Verity by its letter brief to this court seeks to compel responses to its interrogatories in
the LXP and KeyView cases. Even though Inxight initially objected on the basis that
10     they were compound and contained an impermissible number of subparts, it will
respond to these interrogatories. Therefore the Court need not rule on this portion of
11     Verity's request. Inxight shall respond within one week of service of this order."

12 (August 16, 2005 Order at 2:5-9)

13       Verity asks the court to order Inxight to produce supplemental answers to Interrogatory

14 Nos. 12 and 13 in the Keyview case. In these interrogatories, Verity asks for each version and

15 release date for both LinguistX and SmartDiscovery, including information about the new

16 functions added for each version.

17       Inxight, in its supplemental response (Ex. A to Verity's letter brief) says it has provided

18 Verity with this information, except for information related to new functions added in

19 SmartDiscovery, which Inxight is still collecting. Inxight offers no explanation for the three week

20 after the court-ordered deadline.

21

22       Inxight objects to providing the names of every person who participated in each version

23 of SmartDiscovery's development, design, or architecture, as irrelevant and burdensome.

24 Inxight does not specify the nature and extent of the burden of production and therefore shall

25 produce the answers. This portion of Verity's letter brief is granted.

26       With respect to LXP Interrogatory Nos. 4, 5, 7, 8, 9, 17 and 19, Inxight is willing to

27 answer but claims it cannot until Verity provides complete and detailed information regarding

28

Verity's customers. (Ex. B to Verity's letter brief) These interrogatories ask Inxight to identify Verity customers to whom Verity distributed different software products (presumably in violation of the parties' licensing agreements) and provide their names and addresses, the date of distribution and all bases for Inxight's understanding that the software was distributed in a way that violated the parties' licensing agreements. It is reasonable that Inxight cannot answer these interrogatories without the customer information from Verity. This portion of Verity's letter brief is denied.

### KeyView Interrogatories 14-17 and LXP interrogatories 10-16 and 19-20

Verity contends that KeyView Interrogatories 14-17 and LXP interrogatories 10-16 and 19-20 are "standard contention interrogatories" and not "interrogatories that purport to require a party to specify all facts that support the denial of a statement or allegation of fact," in a request for admissions.

Verity is attempting to reargue a portion of the discovery motion which this court heard and decided August 16:

> "Inxight continues to object to [KeyView] Interrogatories 14, 15, 16 and 17, which call for all facts that support denials of certain of Verity's requests for admission. Inxight contends that such interrogatories are unreasonably burdensome. *Safeco of America v. Rawstron*, 181 F.R.D. 441,447 (C.D.Cal. 1998)(When responding to requests for admissions, explanation generally is unnecessary. "The answer [to a request for admission] shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Fed.R.Civ.P. 36(a). "Each request for an admission should be phrased simply and directly so that it can be admitted or denied without explanation." 8A Wright, Miller & Marcus §2258 at 546-547; see United Coal Companies v. Powell Construction Co., 839 F.2d 958, 968 (3d Cir.1988) ("Rule 36 should not be used unless the statement of facts sought to be admitted is phrased so that it can be admitted or denied without explanation."). Explanation is only required if the party cannot truthfully admit or deny. Id. In the case at bar, ordering Inxight to explain or elaborate on its responses to Verity's requests for admissions defeats the purpose of RFAs. Verity should have framed its RFAs in a way to obtain the simplest and most direct yet complete response.

(Order at 2:10-24)

Further on, the court ruled:

> Inxight also objects to LXP interrogatories 10-16 and 19-20 on the same basis. The Court cannot rule on this objection or the request to compel a response without seeing the interrogatories in question and denies this part of Verity's motion without prejudice to renewal later, with the strong suggestion that the parties continue to negotiate a resolution themselves.

(August 16 Order at 2:25-28).

1    In its response to Verity's letter brief, Inxight objects on additional grounds to the
2 KeyView interrogatories, specifically:
3    KeyView Interrogatory No. 17 asks Inxight to "[s]tate how many lines of computer code
4 were in the 'Application' (as that term is used in Exhibit C of the KeyVierw license) as of July
5 24, 1998." Verity objects that the time and process of counting lines of computer code, which
6 could number well into the millions, is simply too much to ask for."
7    LXP Interrogatories No. 19 and 20 ask Inxight for the identity of all Verity customers
8 who either were improperly instructed to or did improperly access, use or copy, as a result of
9 Verity instructions, Inxight data files. Verity objects that it cannot respond to these
10 interrogatories until it receives complete and detailed information from Verity about its
11 customers.
12    In its response to Verity's letter brief, Inxight describes the content of the LXP
13 Interrogatories, which are at Ex. D to Verity's letter brief:
14    Interrogatory 10 - all facts in support of Inxight's denial of LXP RFA No. 63;
15    Interrogatories 11 and 14 - all facts in support of Inxight's denial of LXP RFA No. 26;
16    Interrogatories 12 and 15 - all facts in support of Inxight's denial of LXP RFA No. 27;
17    Interrogatories 13 and 16 - all facts in support of Inxight's denial of LXP RFA No. 28.
18    This court has already held that an interrogatory seeking all facts in support of a party's
19 response to a Request for Admissions defeats the purpose of the RFA and is improper.
20 Verity's second attempt to obtain these responses constitutes an untimely objection or an
21 improper motion for reconsideration of this court's previous order. This portion of Verity's
22 letter brief is denied.
23    Accordingly, this court finds that Verity's request for discovery in its letter brief
24 docketed at #78 is granted in part and denied in part. Verity's motion is granted in that Inxight
25 shall provide names of every person who participated in each version of SmartDiscovery's
26 development, design, or architecture and each version and release date for both LinguistX
27 and SmartDiscovery, including information about the new functions added for each version.
28 Compliance is due five business days from receipt of this Order.

**DEPOSITION OF IAN HERSEY**

By its letter brief at Docket # 79 Verity asks the court to order Inxight to make Ian Hersey available for additional deposition as a 30(b)(6) witness. He is a founder of Inxight and current Senior Vice President of Corporate Development and Strategy. His deposition was noticed as both an individual and a Person Most Knowledgeable on 32 topics involving the parties' software, their licensing agreements, and their products' sales. (Ex. A and B to Verity's letter brief.) The parties state that they met and conferred in good faith but filed a letter brief and a response rather than a joint brief due to a disagreement about page limits and how much space each party should have.

Verity demands either more testimony from Mr. Hersey or a more knowledgeable witness. Mr. Hersey was only able to testify about a handful of Inxight customers who may have had the right to sublicense Inxight's LXP technology to Original Equipment Manufacturers ("OEMs"), and could not recall the details of such transactions. (Transcript 153:24-163:4)[1] Verity accuses Inxight of denying it competent testimony on 31 of the 32 topics in Verity's amended deposition notice, even though Inxight did not object to it. Verity contends that Inxight seeks damages of $40 million. With stakes so high, Verity needs this evidence to build its defense.

Inxight responds that Mr. Hersey is competent to testify on every topic designated by Verity but that Verity squandered its time with him and its counsel literally walked out after two abbreviated days of deposition. Inxight claims that Hersey is an "extremely busy executive" and it had advised Verity that he would be available for only two days. Further, Inxight contends that Verity was able to obtain many answers to its 30(b)(6) questions in the course of deposing Mr. Hersey as an individual.

For example:

Q. Earlier today I asked you to describe the way in which KEYview was embedded or integrated in those Inxight products that use KEYview. If I were to ask you those same questions as the company representative, would your testimony be any different?

A. No.

---

[1] The court has not seen the transcript of Ian Hersey's deposition but accepts Verity's representation of its contents. FRCP Rule 11 binds counsel to verify the truth of his or her representations to the court. Furthermore, Inxight does not challenge the citations.

Rule 30(d)(2) provides that one witness may be deposed for one day of seven hours. Since Ian Hersey was designated as a Person Most Knowledgeable to testify on behalf of Inxight as well as an individual witness, he was obliged to appear for two seven-hour days. Mr. Hersey may be an "extremely busy executive" but he cannot avoid being deposed on that basis, since Inxight admits that he is knowledgeable and competent to testify on the designated topics.

If it is necessary for Inxight to designate someone else to testify on topics on which Mr. Hersey could not answer fully, then that person's deposition will be counted as part of the one corporate deposition as far as the deposition limit is concerned, as provided in FRCP 30(a)(2)(A). Each corporate designee may be questioned for up to seven hours.

Accordingly, if Mr. Hersey is not able to fully answer Verity's questions in his capacity as Inxight's designee, then Inxight should designate another witness to testify on its behalf on the designated topics. Verity may question that witness for an additional seven hours. In the alternative, if Mr. Hersey is the only knowledgeable witness, then Inxight shall make him available for an additional four hours of deposition. To that extent, Verity's letter brief at Docket #78 is granted. The deposition or depositions shall be completed before September 30.

///

## CONCLUSION

All components of Inxight's requests in the joint letter brief at Docket # 77 are denied.

Verity's requests for discovery in its letter brief docketed at #78 are granted in part and denied in part. Verity's motion is granted in that Inxight shall provide names of every person who participated in each version of SmartDiscovery's development, design, or architecture and each version and release date for both LinguistX and SmartDiscovery, including information about the new functions added for each version. Compliance is due within five days of receipt of this Order.

If Ian Hersey is not able to fully answer Verity's questions in his capacity as Inxight's designee, then Inxight should designate another witness to testify on its behalf on the designated topics. Verity may question that witness for an additional seven hours. If Mr. Hersey is the only knowledgeable witness, then Inxight shall make him available for an additional four hours of deposition. To that extent, Verity's letter brief at Docket #79 is granted. The deposition or depositions shall be completed before September 30.

IT IS SO ORDERED.

DATED: September 20, 2005

_____
JAMES LARSON
Chief Magistrate Judge