United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

VERITY, INC, et al.,
Plaintiffs,
v.
INXIGHT SOFTWARE, INC,
Defendants.
_____________________________________/

No. C 05-1660 CRB (JL)

**ORDER**

**Granting Docket # 51 and granting in part and denying in part Docket # 67**

**Introduction**

Inxight submitted two separate letter briefs on discovery disputes. Verity submitted two separate letter briefs in opposition. The letter brief at docket # 51 concerns the deposition of Brian DiSilvestro, Docket # 70 is Verity's opposition. The letter brief at docket #67 concerns the deposition of Dr. Prabhakar Raghavan and production of documents, Docket # 71 is Verity's opposition. The briefs did not appear on the Docket Activity Report for this court and the parties did not submit courtesy copies. The court only became aware of these briefs fortuitously one month after they were e-filed.

The court hereby grants the motion to compel further deposition of Brian DiSilvestro (Docket # 51). Mr. DiSilvestro's deposition and any other 30(b)(6) depositions of Verity shall be completed before September 30, 2005.

The court grants in part and denies in part the motion to compel production of documents and further deposition answers from Dr. Prabhakar Raghavan (Docket # 67).

United States District Court
For the Northern District of California

The motion to compel production of documents is denied. However, Dr. Raghavan shall answer the questions propounded by Inxight to which Verity's counsel objected on grounds of attorney-client privilege, with respect to his knowledge of conversations or communications between Verity and its counsel. His deposition shall be completed before September 30, 2005.

**Docket # 51 – Motion to Compel DiSilvestro 30(b)(6) Deposition**

Inxight moves to compel further deposition of Brian DiSilvestro as corporate designee for Verity. Inxight has already deposed this witness for seven hours in his individual capacity. Verity opposes this motion on the grounds that it "informed Inxight that it would produce witnesses – including Mr. DiSilvestro – in response to Inxight's 30(b)(6) notice for a total of seven hours on all topics." Verity offers to produce Mr. DiSilvestro "provided that Inxight reciprocate in good faith by producing Mr. Hersey for further deposition on Verity's Rule 30(b)(6) topics. . ."

This court has previously ordered Inxight to produce Ian Hersey for an additional four hours of deposition, even though he has already been deposed for two seven hour days. This court hereby orders Verity to make Mr. DiSilvestro available to testify as a 30(b)(6) witness for a full seven hour day. If Mr. DiSilvestro is not able to testify on any of the noticed topics, Verity shall designate another witness to testify. Each 30(b)(6) deponent shall be made available for a full seven hour day, pursuant to Rule 30(d)(2). Accordingly the motion to compel at docket # 51 is granted. Depositions shall be completed before September 30, 2005.

**Docket # 67 - Motion to Compel Production of Documents and Further Deposition**

This court has previously held that fact discovery closed July 29 and that motions to compel production of documents were due on or before August 9. The letter brief requesting production of documents was e-filed August 19. This court has also previously ruled on the Extractor documents. For both reasons, Inxight's motion to compel production of documents in its letter brief at docket # 67 is denied.

With respect to the remainder of docket # 67, Inxight moves to compel deposition answers from Dr. Prabhakar Raghavan. Verity's counsel instructed the witness not to answer such questions as:

Q. Did you have any conversations with anyone at Verity where lawyers were not involved about the meeting you had with Ian Hersey?

The Witness: The answer is yes.

Q. Describe those conversations?

Mr. Hahm: And I'm going to instruct the witness not to answer to the extent any communications of this nature may reveal other conversations or communications between Verity and its counsel, whether or not lawyers were present. If you can do so, you may answer the question.

The Witness: Then I don't answer the question. (Transcript 37:9-11, 38:2-11)

Verity objected and instructed the witness not to answer when his answer would reveal conversations between Verity and its counsel whether or not lawyers were present. Inxight contends that this is an improper objection and that the witness should answer the questions.

**ANALYSIS**

The federal rules limit the manner in which objections may be made during a deposition. Under the Federal Rules of Civil Procedure, Rule 30(d)(1), any objection during a deposition must be stated concisely and in a non-argumentative manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4). Rule 30(d)(4) authorizes motions for protective order "upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party ...." Upon such a showing, the court "may limit the scope and manner of the taking of the deposition as provided in Rule 26(c)."

United States District Court
For the Northern District of California

The court interprets the parties' letter briefs as Inxight's motion to compel and Verity's motion for protective order.

**Does Verity Meet its Burden to Show Privilege?**

The court's first question is whether Verity has met its burden to show that the communications about which Inxight questioned Dr. Raghavan are privileged. A party seeking to limit discovery must make a "strong showing" for limitation, and a particular and specific need for the protective order. *Methode Electronics, Inc. v. Finisar Corp.,* 205 F.R.D. 552, *553 -554 (N.D.Cal.,2001) (internal citation omitted).

The party asserting the attorney-client privilege has the burden of proof for each communication for which the privilege is claimed. *United States v. Goodman, Dunberg & Hoffman, P.A.,*660 F.Supp. 929, 931 (S.D.Fla. 1987). A claim of privilege must be made expressly with sufficient detail to permit assessment of the privilege assertion, without disclosure of the privileged information. Rule 26(b)(5), Federal Rules of Civil Procedure.

The attorney-client privilege protects confidential communications between a client and an attorney from disclosure. This privilege applies when "necessary to achieve its limited purpose of encouraging full and frank disclosure by the client to his or her attorney." *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992).

"[T]he protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney."

*Philadelphia v. Westinghouse Electric Corp.*, 205 F.Supp. 830, 831 (E.D. Pa. 1962), *Cited in Upjohn Co. v United States*, 449 U.S. 383, 396 (1981).

Verity observes that Inxight instructed its CEO, John Laing, not to answer very similar questions for instance about “communications that involve counsel directly or indirectly” or communications which the witness “understood to involve . . . counsel’s advice,” even where counsel was not present. [John Laing Deposition Transcript 38:14-15, 40:5-8]. *Id.*

Verity claims attorney-client privilege but some of its arguments relate more to the protections afforded by the work-product doctrine. For example, Verity contends that the subject conversations “were initiated specifically at the behest of and on advice of its counsel and in furtherance of counsel’s litigation strategy.” (Verity’s letter brief at 1). Verity states that “In almost every litigation outside counsel need to communicate with a client liaison, who then acts on counsel’s authority and advice to conduct internal communications and investigations without counsel’s direct involvement.’ refusing to extend the privilege to these communications would chill internal client discussions and add substantial costs for all parties, as attorneys on both sides would be forced to directly participate in and micro manage every aspect of the client investigation in order to maintain the privilege.”(Verity’s letter brief at 2)

If these conversations revealed the attorney’s legal strategy, internal lines of proof, evaluation of strengths and weaknesses of the case and inferences drawn from interviews of witnesses, it could be privileged. *Kintira v. Covio*, 219 F.R.D. 503, 508 (S.D.Cal. 2003). Unfortunately for Verity, its assertions are too vague to satisfy the requirements to show privilege under either attorney-client privilege or work product doctrine. Verity falls far short

United States District Court
For the Northern District of California

of the “strong showing” required by the case law. *Methode Electronics*, *supra.*

**Has Verity Established that Dr.Raghavan has Standing to Assert Privilege?**

The court’s second question is who is Dr. Raghavan and what is his relationship to Verity? Verity identifies him only as “a third party witness.” (Verity’s letter brief at 2) As such he probably does not have standing to assert the privilege on behalf of Verity.

The principles set down in *D.I. Chadbourne, Inc.* are guides to determine whether "the natural person who speaks is speaking from the status of a [corporate] client (actual or prospective), or is merely a witness whose unprivileged communications someone else is seeking to suppress under a claim of privilege." 60 Cal.2d at 732, 36 Cal.Rptr. 468, 388 P.2d 700. Several of the *D.I. Chadbourne, Inc.*, principles are relevant here:

When such [the corporation's] employee is not a co-defendant (or person who may be charged with liability) his communication should not be so privileged unless, under all of the circumstances of the case, he is the natural person to be speaking for the corporation; that is to say, that the privilege will not attach in such case unless the communication constitutes information which emanates from the corporation (as distinct from the nonlitigant employee), and the communicating employee is such a person who would ordinarily be utilized for communication to the corporation's attorney;

When an employee has been a witness to matters which require communication to the corporate employer's attorney, and the employee has no connection with those matters other than as a witness, he is an independent witness; and the fact that the employer requires him to make a statement for transmittal to the latter's attorney does not alter his status or make his statement subject to the attorney-client privilege;

[N]o greater liberality should be applied to the facts which determine privilege in the case of a corporation than would be applied in the case of a natural person (or association of persons), except as may be necessary to allow the corporation to speak.

Where the employee is required to make the communications to the attorney because the matter on which he speaks stems from his employee responsibilities, then the communication is of the corporate employer and is privileged. *D.I. Chadbourne, Inc.* (1964) 60 Cal.2d 723, at 737-738, *Cited in Connolly Data Systems, Inc. v. Victor Technologies, Inc.* 114 F.R.D. 89, *93 -94 (S.D.Cal.,1987).

These cases all assume that in order to have standing to assert a privilege on behalf of a corporation the witness must be an employee or equivalent of the corporate party and that his job requires that he communicate with counsel on behalf of the corporation. Verity fails to establish that Dr. Raghavan satisfies the requirements to assert privilege on its behalf.

**Did Verity Waive any Attorney-Client Privilege?**

The court's third question is whether Verity, as the holder of the privilege, waived it by revealing purportedly privileged communications to Dr. Raghavan. The issue of waiver is closely tied to the element of confidentiality. Specifically, the proponent must prove that the communication was made in confidence and subsequently maintained as confidential. *See Hartford Fire Ins. Co. v. Garvey*, 109 F.R.D. 323, 327 (N.D.Cal.1985) (confidentiality and waiver are closely related inasmuch as any voluntary disclosure inconsistent with confidential nature of attorney-client relationship waives privilege).

It has long been held that the proponent of the privilege must establish that it has not been waived. *United States v. Jose*, 131 F.3d 1325 (9th Cir.1997); *Weil v.*

United States District Court
For the Northern District of California

*Investment/Indicators, Research and Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir.1981). Further, the proponent has the obligation of establishing for each and every communication all the elements of the privilege. There is no blanket claim of the privilege. *U.S. v. Munoz*, 233 F.3d 1117, 1128 (9th Cir. 2000). At Dr. Raghavan's deposition, Verity made a blanket claim of privilege for all conversations of which Dr. Raghavan had knowledge which might reveal communications between Verity and its counsel.

Verity has the burden of proof that it has not waived any applicable privilege. *See United States v. Chevron Corp.*, No. C-94-1885-SBA, 1996 WL 444597 at *4 (N.D.Cal. May 30, 1996) (once opponent has proffered evidence that claimed privilege has been waived, party asserting privilege bears ultimate burden of proving that privilege was not waived). *Southern Union Co. v. Southwest Gas Corp.,* 205 F.R.D. 542, *551 (D.Ariz.,2002).

Verity presents no evidence regarding its efforts to keep the communications at issue confidential and fails to demonstrate that it has not waived privilege.

**Conclusion**

Accordingly, Verity fails to justify its claim of privilege in light of the factors discussed above:

1) It fails to make the necessary "strong showing" that the communications are privileged, as either attorney-client communications or attorney work product, sufficient to meet its burden;

2) It fails to show that Dr. Raghavan has standing to assert a claim of privilege; and

3) Verity has therefore waived any privilege, if it existed, by revealing purportedly confidential communications to Dr. Raghavan, a third party.

United States District Court
For the Northern District of California

For all the above reasons, Inxight's letter brief at Docket # 67 is granted, to the extent that Verity shall make Dr. Raghavan available for further deposition and Dr. Raghavan shall answer the questions propounded by Inxight to which Verity's counsel objected on grounds of attorney-client privilege, with respect to his knowledge of conversations or communications between Verity and its counsel. All depositions shall be completed before September 30, 2005.

IT IS SO ORDERED.

DATED: September 2005

_______/s/__________________________
JAMES LARSON
Chief U.S. Magistrate Judge